IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA FAVELA *et. al.*, | No. C 04-00895 WHA |
| Plaintiffs, | |
| v. | **ORDER GRANTING-IN-PART DEFENDANT'S MOTION FOR REVIEW OF COSTS AND VACATING HEARING** |
| TARGET CORPORATION, and DOES 1-50 inclusive, | |
| Defendants. | |

## INTRODUCTION

In this employment-discrimination action, defendant Target Corporation now moves for review of the Clerk's taxation of costs. This motion is **GRANTED IN PART**. Specifically, the Clerk is directed to tax an additional $1,401.10 for the costs of deposition transcripts for the six defense witnesses.

## STATEMENT

As noted in a previous order, this action was commenced on December 4, 2003 by forty-five plaintiffs. Ten plaintiffs (Rogelio Ferrer, Luis Lopez Gamboa, Arturo Lopez, Filberto Chan May, Juan Munoz, Oliva Munoz Torres, Antonio Vasquez, Eloia Vasquez, Armando Velasco and Artemio Velasco) stipulated to dismissal of their claims on November 15, 2004. Another five plaintiffs (Maria del Carmen Delgadillo, Consuelo Ramirez Diaz, Estela Robles, Tanya Medrano Segovia and Laura Sierra) stipulated to dismissal of their claims on March 22, 2005. Most of the thirty remaining plaintiffs (Elizabeth Alvarez, Elizabeth Morales Arcos,

Maria Barajas, Carmen Barrera, Raul Alvarez Cruz, Veronica Gutierrez De Lopez, Sergio Delgadillo, Sandra Favela, Rocio Ginez, Araceli Gonzalez, Oliva Jimenez, Alejandra Lopez, Jose A. Lopez Lozano, Humberto Marquez, Carmela Rosas Montes, Norma Ortiz, Ana Oseguera, Anabel Martinez Ramirez, Feliman Ramirez, Maria Ramirez, Carmen Rodriquez, Pedro Arango Rosas, Mordoqueo Herrera Sosa, Moises Vasquez, Ricardo Vasquez, Thelma EK Yam and Pedro Tovar Zepeda) stipulated to dismissal of their claims on May 9, 2005. All the stipulated dismissals provided that each side was to bear its own costs and attorney fees.

Summary judgment was subsequently granted with respect to the two remaining plaintiffs: Maria Carmen Fausto Gonzalez and Cecilia Martinez. Judgment was entered on May 10, 2005. On May 20, 2005, defendant Target filed its Bill of Costs, requesting $56,350.19 in costs. On May 27, 2005, plaintiffs filed their objections. On June 22, 2005, the Clerk assessed costs in the amount of $4,953.63.

Defendant now seeks review of the Clerk's taxation of costs. Specifically, defendant argues that it is entitled to recover (1) a $290.00 filing fee paid to the Sonoma Superior Court prior to removing the action to this Court and (2) deposition-related expenses incurred in connection with twenty-eight additional plaintiffs and six defense witnesses who were deposed in preparation for the summary-judgment motion. Plaintiffs argue that the Clerk "got it exactly right" (Opp. 8).

## ANALYSIS

**1. LEGAL STANDARD.**

In relevant part, FRCP 54(d)(1) states:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

This rule creates a presumption in favor of awarding costs to the prevailing party. *Ass'n of Mexican-American Educators v. State of Calif.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). Under 28 U.S.C. 1920, taxable costs are:

> (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for

2

> printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In addition, the Civil Local Rules for the Northern District of California "provide standards for interpreting the costs allowed under section 1920." *Intermedics, Inc. v. Ventritex*, 1993 WL 515879, at *1 (N.D. Cal. 1993)(Brazil, J.).

### 2. STATE COURT FILING FEE.

Defendant argues that no provisions in either 28 U.S.C. 1920(1) or the Civil Local Rules explicitly limit the recoverable filing fees to those paid in federal court. Plaintiff's opposition is silent on this issue. Civil Local Rule 54-3(a)(1) provides that: "[t]he Clerk's filing fee is allowable if paid by the claimant." Here, "the Clerk's filing fee" refers only to the fee paid to the Clerk of *this* Court. Filing fees paid to other courts are not recoverable as costs. Thus, the Clerk properly allowed only $150.00 in filing fees. Defendant's motion is **DENIED-IN-PART** with respect to this category.

### 3. DEPOSITION-RELATED EXPENSES.

Defendant asserts that plaintiffs' claims were inextricably intertwined, such that all thirty depositions taken in preparation for the summary-judgment motion were "necessarily obtained." Defendant further contends that the stipulated dismissals did not waive their right to collect all recoverable costs from any plaintiffs who refused to settle. Plaintiffs argue (predictably) that of the thirty plaintiffs deposed, twenty-eight stipulated to dismissal of their claims on the condition that each side was to bear its own fees and costs. The Court agrees with the Clerk that deposition-related expenses with respect to these twenty-eight plaintiffs are not allowable costs.

*First*, defendant *stipulated* to bear its own costs with respect to these twenty-eight plaintiffs. The Court will not go beyond the plain language of the stipulated dismissal. If they had intended to collect *all* recoverable costs from any plaintiffs who did not settle, that should have been made more explicit. Defendant's interpretation of their stipulated dismissals is

3

1  illogical.  If it was not waiving its right to collect costs with respect to the settling plaintiffs,
2  what fees and costs was it agreeing to bear?

3  *Second*, it is telling that defendant did not seek any costs incurred in connection with the
4  other fifteen plaintiffs who settled at an earlier stage of this litigation.  Nor did they depose any
5  of these witnesses.  If defendant truly believed that plaintiffs' claims were so intertwined that
6  depositions of each were "necessarily obtained," one would expect that all forty-five original
7  plaintiffs would have been deposed.

8  *Third*, this order notes that the timing of the settlement suggests that defendant
9  knowingly waived costs as to these twenty-eight plaintiffs.  The summary-judgment hearing
10 was held on April 28, 2005.  The Court was ready to issue its order, but the parties requested
11 additional time to settle.  The twenty-eight plaintiffs whose deposition-related expenses are in
12 dispute settled shortly thereafter.  By this time, the deposition expenses for these plaintiffs had
13 already been incurred, yet defendant agreed to settle with (and bear its own fees and costs with
14 respect to) all plaintiffs but two.

15 For these reasons, this order holds that the Clerk properly disallowed recovery of
16 deposition-related costs for the plaintiffs who settled.  Defendant's motion is **DENIED-IN-PART**
17 with respect to these twenty-eight depositions.

18                           *     *     *

19 As to the remaining two plaintiffs, this order notes that Civil Local Rule 54-3(c)(1)
20 normally allows only the cost of an original and one copy of any deposition.  Here, however,
21 plaintiffs do not appear to object to the additional costs of videotapes or interpreters.  In any
22 case, they have failed to file a timely motion for review of those costs, so the Clerk's
23 determination is final.  Civ. L.R. 54-5.  Accordingly, costs of $4,203.40 shall be taxed for the
24 depositions of plaintiffs Maria Carmen Fausto Gonzalez and Cecilia Martinez.

25                           *     *     *

26 In addition, the Court finds that the depositions of the six defense witnesses were
27 "necessarily obtained," even if there were only two remaining plaintiffs.  The Clerk did not
28 assess these costs because the declaration of Jeffrey Wohl submitted with defendant's Bill of

4

1  Costs did not separately identify which depositions were defense witnesses. These six were: Suzanne Coghlan, Carrie Kroon, Michael Sigala, Brandon Meese, Amber Williams and Nancy Williams. Defendant's motion is **GRANTED-IN-PART** with respect to these six depositions. Shipping or delivery charges and "extra" charges such as ASCII/Mini/E-transcripts, however, are not allowed. *Ishida Co., Ltd. v. Taylor*, 2004 WL 2713067, at *1 (N.D. Cal.)(Fogel, J.). The costs allowed for these individuals shall be as follows:

| | |
|---|---:|
| Suzanne Coghlan | $330.00 |
| Carrie Kroon | $150.00 |
| Brandon Meese | $225.00 |
| Michael Sigala | $272.25 |
| Amber Williams | $228.60 |
| Nancy Williams | $195.25 |
| Total | $1,401.10 |

The Clerk's taxation of costs shall be adjusted accordingly.

## CONCLUSION

For the aforementioned reasons, defendant's costs in the amount of $1,401.10 for the deposition-related expenses incurred in connection with the six defense witnesses shall be added to the $4,953.63 already assessed by the Clerk. It is hereby **ORDERED** that costs shall be taxed in the total amount of **$6,354.73**. This order does not preclude defendant from enforcing the previous award of $2,340.00 as a discovery sanction against plaintiff Cecilia Martinez.

The hearing on this motion, currently scheduled for **AUGUST 4, 2005 AT 8:00 A.M.**, is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 22, 2005



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE